# IN THE COURT OF APPEALS OF IOWA

No. 17-1712
Filed January 10, 2018

**IN THE INTEREST OF A.R. and A.R.,**
**Minor Children,**

**A.R., Father,**
　　Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, District Associate Judge.

A father appeals the termination of his parental rights to his twin children. **AFFIRMED.**

Roberta J. Megel of State Public Defender Office, Council Bluffs, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Marti D. Nerenstone, Council Bluffs, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to his twin children, born in 2016. He contends (1) the record lacks evidence to support the grounds for termination cited by the district court, (2) the department of human services failed to make reasonable reunification efforts, and (3) termination was not in the children's best interests.

## I. Grounds for Termination

The district court terminated the father's parental rights on more than one statutory ground. We may affirm the decision if we find clear and convincing evidence to support any of the grounds. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). We focus on Iowa Code section 232.116(1)(h) (2016), which requires proof of several elements, including proof the child cannot be returned to the parent's custody.

The case began with the five-month old half-sibling of the twins, who were still in utero. The father[1] cared for the half-sibling while her mother worked. One day, the mother returned from work to find the infant in severe distress. She was taken to a hospital, where professionals diagnosed her with a skull fracture and subdural hematoma.

The department intervened and questioned the father about events leading up to the hospitalization. He stated he tossed the child into the air and inadvertently let her slip through his hands. The child fell to the floor and soon began breathing oddly.

---

[1] This father was the biological father of the twins. A second man was the father of the half-sibling and a third man was the legal father of the children.

An emergency room physician found it extremely unlikely that the child sustained the severe injuries to her head in the type of fall described by the father. The more likely explanation, in her view, was shaking of the baby, which involved greater force than the force occasioned by a fall. The physician later opined the child sustained abusive non-accidental injuries.

The State charged the father with willful injury resulting in serious injury and child endangerment. He was jailed and released on bond, subject to an order prohibiting contact with the child. While on release, he interacted with mother and child at his parents' home. The district court ordered the child removed from the mother's care for facilitating the interaction and the father was jailed for violating the no contact order. The father ultimately pled guilty to the charges, was sentenced, and, two days after the birth of the twins, was imprisoned at the Clarinda Correctional Facility.

In time, the father transitioned to a residential correctional facility. He was slated to begin supervised visits with the twins but violated rules prohibiting drinking and threats of violence directed at staff. The father returned to the Clarinda prison, where he remained for almost nine months. He was paroled twelve days before the termination hearing, moved in with his parents, and underwent intensive parole supervision. The department was to facilitate a supervised visit with the twins but, at the time of the hearing, the father had yet to see them.

On our de novo review, we are persuaded the father was in no position to have the twins transferred to his custody. He had not met them and squandered the opportunity for regular visits with them while housed at the residential

correctional facility. On our de novo review, we conclude the State proved termination was warranted under section 232.116(1)(h).

## II.    *Reasonable Efforts*

The father contends the department failed to make reasonable efforts to reunify the twins with him. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). To the contrary, the department contacted the father in July 2016 to facilitate visits, spoke to department of corrections personnel about arranging visits, and provided reunification services following the father's release from prison. We conclude the department satisfied its reasonable efforts mandate.

## III.    *Best Interests*

Termination must be in the children's best interests. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). Under the circumstances outlined above, we conclude termination of the father's parental rights to the twins was in the children's best interests.

**AFFIRMED.**